UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No.  8:91-cr-180-T-23EAJ
                                                               8:10-cv-2649-T-23EAJ

GRAZIANO PUGLIESSE

_____/

**O R D E R**

     Pugliesse requests a certificate of appealability.  (Doc. 5)  Rule 11(a), Rules

Governing Section 2255 Cases, requires a district court to "issue or deny a certificate of

appealability when it enters a final order adverse to the applicant."   As stated in Slack v.

McDaniel, 529 U.S. 473, 483-84 (2000):

> To obtain a COA under § 2254(c), a petitioner must make a substantial
> showing of the denial of a constitutional right, a demonstration that, under
> Barefoot, includes showing that reasonable jurists could debate whether
> (or, for that matter, agree that) the petition should have been resolved in a
> different manner or that the issues presented were "'adequate to deserve
> encouragement to proceed further.'" Barefoot, supra, at 893, and n.4, 102
> S. Ct. 3383 ("sum[ming] up" the "substantial showing" standard).

> When the district court denies a habeas petition on procedural grounds
> without reaching the prisoner's underlying constitutional claim, a COA
> should issue when the prisoner shows, at least, that jurists of reason
> would find it debatable whether the petition states a valid claim of the
> denial of a constitutional right and that jurists of reason would find it
> debatable whether the district court was correct in its procedural ruling.
> This construction gives meaning to Congress' requirement that a prisoner
> demonstrate substantial underlying constitutional claims and is in
> conformity with the meaning of the "substantial showing" standard
> provided in Barefoot, supra, at 893, and n.4, 102 S. Ct. 3383 . . . .

An applicant need not show probable success on appeal, but the issuance of a

certificate of appealability entails more than "mere good faith" or only the "absence of

frivolity."  As stated in Miller-El v. Cockrell, 537 U.S. 322, 338 (2003):

> We do not require petitioner to prove, before the issuance of a COA, that
> some jurists would grant the petition for habeas corpus.  Indeed, a claim
> can be debatable even though every jurist of reason might agree, after the
> COA has been granted and the case has received full consideration, that
> petitioner will not prevail.  As we stated in Slack [v. McDaniel, 529 U.S.
> 473 (2000)], "[w]here a district court has rejected the constitutional claims
> on the merits, the showing required to satisfy § 2253(c) is straightforward:
> The petitioner must demonstrate that reasonable jurists would find the
> district court's assessment of the constitutional claims debatable or
> wrong."  529 U.S. at 484, 120 S. Ct. 1595.

Pugliesse's motion to vacate was denied as time-barred.  Pugliesse failed to

show due diligence in pursuing post-conviction review.  Because jurists of reason would

not fairly debate whether the district court was correct in the procedural ruling, a

certificate of appealability is unwarranted.

Accordingly, the request to issue a certificate of appealability (Doc. 5) is **DENIED**.

Pugliesse must pay the full $455 filing fee without installments to pursue his appeal.

ORDERED in Tampa, Florida, on January 7, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE